Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA BENNEY, | Case No.: 1:17-cv-135 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| JEFFERSON CAPITAL SYSTEMS, a Georgia limited liability company, | |
| | **(Demand for Jury Trial)** |
| Defendant. | |

COMES NOW the Plaintiff Joshua Benney, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendant as follows:

### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff requests this Court exercise supplemental jurisdiction under 28 U.S.C. § 1367 for pendent state claims for malicious prosecution and abuse of process.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Joshua Benney is a natural person residing in Canyon County, Idaho, and is an alleged "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Jefferson Capital Systems is a Georgia limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 16 McLeland Road, St. Cloud, MN 56303.

4. Jefferson Capital Systems is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Jefferson Capital Systems is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

8. Jefferson Capital Systems is a company which purchases charged-off debts for pennies on the dollar and then attempts to collect.

9. Jefferson Capital Systems attempts to collect debts allegedly owed by Idaho residents using in-house counsel.

10. Those collection efforts include filing suit in Idaho.

11. On November 8, 2016, Jefferson Capital Systems filed suit against Joshua Benney in Idaho state court, Canyon County Case No. CV-2016-11046-C.

12. The complaint in that matter alleged Mr. Benney had opened a revolving credit account with Fingerhut Direct Marketing and that he had used the account to make one or more purchases.

13. The complaint further alleged Jefferson Capital Systems was the assignee of Mr. Benney's account and the amount owed was $751.13.

14. The alleged debt was primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

15. On November 28, 2016, Mr. Benney filed an answer through counsel denying that he had an account with Fingerhut Direct Marketing.

16. In response to discovery requests from Jefferson Capital Systems, Mr. Benney again asserted that he had not ever opened an account with Fingerhut Direct Marketing or made any purchases using the alleged account.

17. In his pretrial memorandum, Mr. Benney continued to be steadfast in his claim that he had not opened or used an account with Fingerhut Direct Marketing.

18. At no point in the state court collection case did Jefferson Capital Systems provide any evidence that Mr. Benney had actually been the person to sign up for and/or use the account with Fingerhut Direct Marketing.

19. At no point in the state court collection case did Jefferson Capital Systems ever acknowledge that Mr. Benney appeared to be a victim of identity theft.

20. At no point in the state court collection case did Jefferson Capital Systems ever appear to make any reasonable investigation into Mr. Benney's claim that he had not opened or used the account with Fingerhut Direct Marketing.

21. Instead, Jefferson Capital Systems pressed forward to trial, which took place on March 17, 2017 and resulted in a judgment in favor of Mr. Benney.

22. During the course of the trial, counsel for Jefferson Capital Systems acted in an abrasive and abusive manner in his question of Mr. Benney.

23. At one point counsel for Jefferson Capital Systems sarcastically asked Mr. Benney if Jefferson had just happened to guess the correct social security number for Mr. Benney.

24. That question and others like unto it were asked for the purpose of embarrassing Mr. Benney, while ignoring the fact that having the correct social security number is a fairly common occurrence in cases of identity theft.

25. Gabriel Grant, a data integrity manager and records custodian for Jefferson Capital Systems testified at the trial that his company does a large volume of business with Fingerhut Direct Marketing.

26. Due to how familiar Mr. Grant testified Jefferson Capital Systems is with the business practices of Fingerhut Direct Marketing, Jefferson should be aware that Fingerhut sends mass mailed catalogs to prospective customers who can then sign up for the account by returning a card in the mail.

27. Such a system of solicitation lends itself to easy identity theft, which Jefferson Capital either knew or should have known is common in Fingerhut Direct Marketing accounts.

28. Due to Jefferson Capital Systems' aggressive efforts to collect, including taking the case to trial, in the face of Mr. Benney's claim of identity theft, Mr. Benney suffered sleepless nights of worry.

29. Additionally, as someone who prides himself in paying his bills even when money is tight, Mr. Benney suffered embarrassment at being hauled into court to face allegations that he had not paid on an account with Fingerhut.

30. That embarrassment and sleeplessness could have been avoided if Jefferson Capital Systems had made any effort to test the validity of Mr. Benney's identity theft claim; instead, Jefferson Capital Systems used the legal system to attempt to bully Mr. Benney.

## COUNT I: VIOLATION OF FDCPA - MISREPRESENTATION

31. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

32. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from falsely representing the character, amount, or legal status of any debt.

33. By suing Mr. Benney on a debt he did not owe, as asserted by him throughout the litigation and as proven by the court's findings of fact and conclusions of law following trial on March 17, 2017, Jefferson Capital Systems violated 1692e(2)(A).

34. Mr. Benney incurred attorney's fees for having to defend himself all the way through trial.

35. Mr. Benney also suffered emotional distress in the form of embarrassment and sleeplessness.

36. Mr. Benney is entitled to statutory and actual damages due to Defendant's violation.

## COUNT II: MALICIOUS PROSECUTION

37. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

38. The state court collection action terminated in favor of Mr. Benney.

39. Jefferson Capital Systems was the plaintiff in the state court collection case.

40. Jefferson Capital Systems acted with malice in continuing to prosecute the state court collection case all the way through without reasonable investigation into Mr. Benney's claims of identity theft.

41. Upon information and belief, Jefferson Capital Systems pushed the state court collection case to trial despite the amount sought being only $751.13 in an effort to force Mr. Benney to cave under the pressure of mounting attorney fees and settle the account, which is further proof of Jefferson Capital Systems' malice.

42. Jefferson Capital Systems lacked probable cause to bring and maintain the state court collection case as it lacked sufficient evidence to combat Mr. Benney's assertion that he was not the

person who opened or used the account with Fingerhut Direct Marketing.

43. Mr. Benney suffered damages in the form of attorney fees and emotional distress which Jefferson Capital Systems should be responsible for.

## COUNT III: ABUSE OF PROCESS

44. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

45. Jefferson Capital Systems took a willful act to use the legal process by filing a lawsuit against Mr. Benney and continuing the litigation through trial.

46. That lawsuit was improper as the alleged debt Jefferson Capital Systems sought to recover on was vehemently denied by Mr. Benney and unprovable by Jefferson Capital Systems.

47. Upon information and belief, Jefferson Capital Systems pushed this case to trial in an effort to force Mr. Benney to enter into a payment plan because it would cost more to defend himself than it would to just pay.

48. Such action constitutes an ulterior, improper purpose for filing suit.

49. Mr. Benney is entitled to actual and punitive damages due to Defendant's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial,

B. Statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C. Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3),

E. In the event of default judgment, for attorney fees in the amount of $2,000.00,

      F.    For Court costs; and

      G.    For such other and further relief as may be just and proper.

DATED: March 27, 2017

<u>/s/ Ryan A. Ballard</u>
Ryan A. Ballard
Ballard Law, PLLC
